**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **FATIMA JEWETT**,<br>*Plaintiff*,<br>v.<br>**ALAN GARLIC**, *et al.*,<br>*Defendants.* | **Case No. 2:26-cv-02150-JDW** |

**MEMORANDUM**

Fatima Jewett filed a lawsuit, but she has not responded to the Defendants' motion to dismiss, despite several prompts from me and a warning that I might dismiss her case if she did not respond. Having heard nothing, I will dismiss her case.

## I. BACKGROUND

### A. Allegations In The Complaint

Ms. Jewett worked for Lambert Logistics, LLC as a truck driver for the Defendants beginning in October 2025. On January 26, 2026, Alan Garlic told Ms. Jewett that the company was terminating her employee because she had called out sick more often than come to work. Later that day, she got an electronic copy of a termination letter that said she had called out sick on December 23, 2025, January 11, 2026, January 12, 2026, and January 20, 2026. Ms. Jewett claims that she had valid reasons not to come to work those days, including that her daughter was sick on December 23, 2025.

### B. Procedural History

On March 4, 2026, Ms. Jewett filed a Complaint in the Court of Common Pleas of Philadelphia County against Alan Garlic, Arthur Garlic, and Lambent Logistics. The Defendants removed the case to this Court on April 6, 2026. That same day, Judge Daniel Anders, while the removal was in process, the state court denied Ms. Jewett's application to proceed *in forma pauperis* and dismissed her complaint. Ms. Jewett filed a notice of appeal, and that appeal was docketed in the Pennsylvania Superior Court.

After removal, Defendants moved to dismiss Ms. Jewett's Complaint under Federal Rule of Civil Procedure 12(b)(2) and 12(b)(6). They did so even though the state court had dismissed the complaint. On May 4, 2026, Ms. Jewett filed an Amended Complaint, leading me to deny the motion to dismiss as moot. On May 11, 2026, Defendants filed a Motion to stay this case pending resolution of Ms. Jewett's Superior Court appeal. On June 12, 2026, I denied the Motion to stay because the Notice of Removal had divested the state courts of jurisdiction over this case, so there could not be a state court appeal of the dismissal order.

On May 12, 2026—the day after their stay motion—Defendants filed a Motion to dismiss the Amended Complaint, again under Rules 12(b)(2) and (6). Ms. Jewett's response to that Motion was due on May 26, 2026. She did not respond. So, when I denied the stay motion on June 12, I also ordered Ms. Jewett to respond to the motion to dismiss by July 2, 2026. She did not. So, after months of silence from her, I issued another Order on

September 14, 2026, ordering her to respond to the motion to dismiss by September 25, 2026, or to show cause as to why I should not dismiss this matter for failure to prosecute pursuant to Rule 41(b). To date, Ms. Jewett has not responded to the motion or to my Order.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action when a plaintiff fails to prosecute the case, fails to comply with the rules of procedure, or fails to comply with a court order. *See* Fed. R. Civ. P. 41(b). "A District Court has the authority to dismiss a suit *sua sponte* for failure to prosecute by virtue of its inherent powers and pursuant to Federal Rule of Civil Procedure 41(b)." *Sebrell ex rel. Sebrell v. Philadelphia Police Dep't*, 159 F. App'x 371, 373 (3d Cir. 2005) (*per curiam*) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). In doing so, however, I should provide the plaintiff with an opportunity to explain her reasons for failing to prosecute the case or comply with my orders. *Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008). Ordinarily, a court determining whether to dismiss a case because of a plaintiff's failure to prosecute must consider the factors set forth in *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863 (3d Cir. 1984). *See Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 132 (3d Cir. 2019).

## III. DISCUSSION

In *Poulis*, the Third Circuit articulated six factors to consider when determining whether to dismiss an action due to a plaintiff's failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary ...; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

747 F.2d at 868 (emphasis omitted). When balancing the *Poulis* factors, there is no "magic formula," "no single *Poulis* factor is dispositive," and all six factors need not be satisfied for a court to dismiss a complaint. *See Briscoe*, 538 F.3d at 263. In this case, an assessment of the *Poulis* factors weighs in favor of dismissing this action.

*First*, it is logical to hold a pro se plaintiff "personally responsible for complying with the court's orders." *See id.* at 258. I have twice given Ms. Jewett extensions to respond to the motion *sua sponte*. The second time, I advised her that if she failed to respond, then I would dismiss the case for failure to prosecute pursuant to Rule 41(b), and I gave her a chance to tell me why I should not do something. Yet I got nothing from her. No one but Ms. Jewett bears responsibility for these failures. This factor weighs strongly in favor of dismissal.

*Second*, although Defendants will not suffer the "'irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party'," they still suffer some prejudice because they cannot clear their names or even get full briefing on their motion to dismiss. *Adams v. Trustees of New Jersey Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994) (quote omitted). And, as a practical matter, it is unclear how anyone could

defend against a case with an unresponsive plaintiff if the case were to move forward. This factor weighs somewhat in favor of dismissal.

*Third*, Ms. Jewett's conduct over the past several months has been dilatory. "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as ... consistent tardiness in complying with court orders." *Adams*, 29 F.3d at 874. Ms. Jewett has failed to respond to the Defendants' Motion on three times: at the original deadline and after each of the extensions I granted her. These do not appear to be outlying incidents. Instead, they reflect a total failure to participate in the case after filing the Amended Complaint. There is no apparent explanation for Ms. Jewett's conduct. She filed her Amended Complaint in this Court, so she knows the case has been removed. The Clerk's Office has mailed her my Orders, and the Postal Service has not returned any mailing as undeliverable. My Orders are clear in what they require, yet Ms. Jewett has not complied. This factor weighs in favor of dismissal.

*Fourth*, given the history, which is that Ms. Jewett received my Orders and ignored, them, I can conclude that Ms. Jewett's failure to respond to the Motion or to my Order To Show Cause is willful. This factor weighs in favor of dismissal.

*Fifth*, the record suggests that no other sanction would be effective. If I do not dismiss this case, then the case is stuck until (or if) Ms. Jewett decides to re-engage with the case. Given the procedural posture of this case, Ms. Jewett's *pro se* status, her apparent indigency, and her unwillingness or inability to prosecute her claims, it is difficult to

determine what lesser sanction might be available or appropriate in this context. *See Guyer v. Beard*, 907 F.2d 1424, 1430 (3d Cir. 1990).

*Sixth*, and finally, there appear to be substantial problems with Ms. Jewett's claims. It does not appear that the Defendants are subject to personal jurisdiction in this Court. More importantly, the FMLA does not appear to apply to Ms. Jewett's claims because Defendants are not covered employers and Ms. Jewett was not an eligible employee. Ms. Jewett also did not plead the required elements of her state law claims. Defendants have articulated compelling defenses to her claims, which weighs in favor of dismissal. Even if I were to find the sixth *Poulis* factor to be neutral, the first, third, fourth, and fifth *Poulis* factors weigh in favor of dismissal, and applying the overall analysis also weighs in favor of dismissing this action.

## IV. CONCLUSION

Without a plaintiff participating in the legal process, this case cannot move forward. The *Poulis* factors favor dismissal, so I will therefore dismiss the case. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

October 21, 2026